IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TERRY LYNN SIRMANS | § | |
| v. | § | CIVIL ACTION NO. 9:04cv266 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Terry Lynn Sirmans, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Sirmans was convicted of aggravated sexual assault of a child and sexual assault of a child, receiving concurrent 25-year and 10-year sentences.  His direct appeal was dismissed by the Ninth Judicial District Court of Appeals on December 23, 2002, and he did not seek discretionary review.

Instead, on October 24, 2003, Sirmans filed a state habeas corpus petition, which was denied without written order on September 22, 2004.  He signed his federal habeas corpus petition on December 3, 2004.

The Magistrate Judge ordered the Respondent to answer Sirmans' petition.  The Respondent filed an answer stating that the statute of limitations has expired.  Sirmans filed a response to the answer arguing that his petition was not barred.

Sirmans argues that a state-created impediment existed which prevented him from seeking habeas corpus relief.  Specifically, Sirmans says that on April 30, 2002, his attorney sent him all of the legal briefs, records, and guides which he would need to pursue his case *pro se*.  He was at the

Jester III Unit at that time. However, on May 2, 2002, he was transferred to a different unit, the Powledge Unit, before he received all of the materials; he got them a few weeks later.

In August of 2002, Sirmans says, he mailed his legal documents to an inmate named Gerald Armstrong, at the Jester III Unit, to obtain legal assistance from Armstrong. In October of 2002, Armstrong tried to send the documents back, but was told that he could not send legal documents to another inmate by truck mail. Armstrong then tried several times to send the documents back to Sirmans by regular mail, but they were returned to him.

On May 1, 2003, Sirmans wrote to a mailroom officer at the Jester III Unit, and she said that she would send him his legal documents by truck mail. On May 7, 2003, this was done, and Sirmans received his legal documents shortly thereafter.

Sirmans argued in his response to the answer that the delay in sending him his documents amounts to a "state-created impediment" which sets off the date that the statute of limitations begins to run. He says that the date upon which the statute should begin is May 7, 2003, the date that the "impediment" was removed, and so when the time during which his state petition was pending is added, his filing date of December 3, 2004, is well within the deadline.

The Magistrate Judge rejected Sirmans' contention. In so doing, the Magistrate Judge stated that it was not clear that the condition of which Sirmans complains amounted to a "state-created impediment," because Sirmans himself sent his legal documents off the unit. In addition, the Magistrate Judge noted that Sirmans received his legal documents back in May of 2003, some six months before his limitations period expired, and that he waited over five months after the "impediment" was removed in which to seek state habeas corpus relief.

The Magistrate Judge observed that in Scott v. Johnson, 227 F.3d 260 (5th Cir. 2000), the petitioner argued that he was entitled to have the statute of limitations tolled because his legal materials were confiscated on August 5, 1996, and not returned to him until February 25, 1997, some six months prior to the expiration of the limitations period. However, the Fifth Circuit rejected this contention, citing Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999) for the proposition that for

equitable tolling to apply, the petitioner must diligently pursue relief. The Magistrate Judge reasoned that Sirmans had ample time in which to seek habeas corpus relief after the "impediment" was removed, but did not do so. Accordingly, the Magistrate Judge determined that the statute of limitations had expired and recommended that Sirmans' petition be dismissed.

Sirmans filed objections to the Magistrate Judge's Report on September 14, 2005. In his objections, Sirmans simply reiterated his contention that his travails regarding his legal documents constituted a "state-created impediment." He again argues that his limitations period should begin on May 7, 2003. Sirmans did not address nor even allude to the Magistrate Judge's reasoning. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response thereto, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the **18** day of **October, 2005.**

                                                                    _____
                                                                    Thad Heartfield
                                                                    United States District Judge